UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE LEON PRICE,

                    Plaintiff,

          v.

THIRD APPELLATE DISTRICT
COURT, et al.,

                    Defendants.

Case No. 2:25-cv-2567-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Eugene Price, a state prisoner, proceeds in forma pauperis and without counsel. Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint ("FAC") is before the court for screening. See 28 U.S.C. § 1915A(a). (ECF No. 15.) Because it clearly appears plaintiff cannot state a claim for relief based on the underlying facts, the FAC should be dismissed without further leave to amend for failure to state a claim

I.    Background

Previously, the court screened plaintiff's original complaint seeking relief under 42 U.S.C. § 1983 and advised plaintiff of several deficiencies in the complaint. Among other matters, the court informed plaintiff that (1) the sole federal remedy for challenging the legality of custody and obtaining earlier or immediate release is a writ of habeas corpus; (2) plaintiff cannot bring claims for damages which imply the invalidity of his convictions, see Heck v. Humphrey, 512

1

U.S. 477, 487 (1994); and (3) judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under 42 U.S.C. § 1983. (ECF No. 8 at 2.)

Plaintiff's FAC names the same two defendants named in the original complaint: Third Appellate District Court and attorney John Staley. (ECF No. 15 at 3.) Aside from several pages of exhibits, most pages of the amended petition contain statements of law that offer no context as to the substance of plaintiff's claims. (See id. at 7-20.) Plaintiff alleges the state court appointed Mr. Staley to represent him on appeal and Mr. Staley provided ineffective assistance. (Id. at 3-4.) Plaintiff seeks monetary damages and "my case be dismissed[.]" (Id. at 4.)

## II.   Discussion

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff cannot state a claim for damages under § 1983 against the attorney who represented him in his criminal case. A public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of § 1983. Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("assigned counsel ordinarily is not considered a state actor") (citing Polk County v. Dodson, 454 U.S. 312 (1981)). Plaintiff does not allege any conduct by his attorney that would qualify as action taken under color of state law for purposes of this civil rights suit. See Polk County, 454 U.S. at 325.

Moreover, as the court previously informed plaintiff, for any relief he seeks in the form of earlier or immediate release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff cannot challenge the legality of his custody resulting from the criminal case at issue through this civil rights suit.[1]

---

[1] The court can infer plaintiff knows how to bring a challenge the legality of his custody because he has filed habeas corpus petitions in this court. See, e.g., Price v. The People, 2:24-cv-3418-

To the extent plaintiff seeks damages, the FAC fails to state a claim for the same reasons the original complaint failed to state a claim. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm by actions who unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487-88. Plaintiff does not allege the conviction or sentence at issue has been reversed or otherwise invalidated. He therefore cannot state a claim for damages for alleged ineffective assistance of his appointed appellate attorney.

### III.    Conclusion

Plaintiff was previously advised of the deficiencies in his claims and presented an amended complaint containing the same deficiencies. Plaintiff cannot state a claim for relief based on the underlying facts, and the FAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### IV.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court has screened your amended complaint. The undersigned is recommending this case be dismissed for failure to state a claim. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

////

---

TLN-CKD; Price v. Los Angeles County, 2:25-cv-0866-DJC-SCR. The court takes judicial notice of the existence of these cases. See Fed. R. Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002).

3

## V.      Order and Recommendation

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's first amended complaint be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 pric2567.scrn.fac.fr

4